No. 853　　　　October 1, 2025　　　　705

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM HARLAN STARK,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CR23890; A184199

Heather Karabeika, Judge.

Submitted August 8, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Division, and Morgen E. Daniels, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert A. Koch, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed and remanded

**LAGESEN, C. J.**

Defendant appeals a judgment revoking his probation and sentencing him to 45 days in jail. He contends that the evidence was legally insufficient to prove that defendant violated the general condition of probation that he "report as required and abide by the direction of the supervising officer," ORS 137.540(1)(k), and that, as a result, the trial court erred in revoking his probation based on its finding that defendant had violated that condition. At the contested hearing, two probation department employees, neither of whom was defendant's supervising officer, testified that they met with defendant to discuss his progress in a transitional housing program and administer a drug test. They each instructed him to remain at the probation office after meeting with them. Defendant left the office and did not return that day. Defendant's supervising officer testified that she did not tell him to come to the office that day. The state concedes that the evidence was legally insufficient for the trial court to find that defendant failed to report and abide by the direction of his supervising officer. We agree and accept the state's concession.[1]

Reversed and remanded.

---

[1]   As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.